UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria CABALLERO, et al.,<br><br>                             Plaintiffs,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC, et al.,<br><br>                            Defendants. | Case No.: 3:22-cv-0337-JM-AGS<br><br>**REPORT AND RECOMMENDATION TO APPROVE MINORS' COMPROMISE (ECF 16)** |

Plaintiffs, a group of families including 14 minors, seek an order approving a proposed settlement of the minors' claims. Because the settlement serves the minors' best interests, the Court recommends approving the minors' settlement.

## BACKGROUND

Plaintiffs allege that the defendant landlords failed to adequately address mold build-up in plaintiffs' military housing. (*See* ECF 1, at 3–4.) Plaintiffs sued for various types of negligence, breach of warranty, fraud, constructive eviction, and premises liability, all arising under California law. (*See generally* ECF 1, at 19-45.) As a result of the failure to adequately clean the mold, plaintiffs claim they underwent "allergy-like symptoms," with the families variously suffering from "shortness of breath," "constant nasal congestion," "rashes," "migraines," "respiratory illness," "nausea," "dizziness," "body swelling," "sore throat," and the "distress" and "worry" that come with those symptoms. (*See id.* at 11, 13–14, 16–17, 19.)

The parties agreed to settle the suit for ▇▇▇▇▇▇, of which the minors will each receive between roughly $8,000 to $21,000. (*See* ECF 16, at 2–3.) From each recovery, counsel will deduct 25% as fees and deduct the full amount of any costs. (*Id.* at 3.) And all lien costs associated with the minors' medical care will come from the settlement. (*Id.*) The parties propose to deposit the minors' recovery into an "interest-bearing, federally insured block account" "until the minor reaches 18 years of age." (*Id.* at 3–4.)

1

To fairly apportion the recovery, plaintiffs' counsel hired a mediator, retired Judge Victor Bianchini, to divvy up the proceeds to each plaintiff. Judge Bianchini apportioned the total award, before attorney's fees were reduced, with each minor receiving the following:

| Family | Minor | Proceeds |
|---|---|---|
| Caballero | R.C. | █████ |
| Caballero | Ry.C. | █████ |
| Camarlinghi | G.C. | █████ |
| Camarlinghi | I.C. | █████ |
| Camarlinghi | H.C. | █████ |
| Camarlinghi | S.C. | █████ |
| Guzman | Jn.G. | █████ |
| Guzman | Jv.G. | █████ |
| Guzman | S.G. | █████ |
| Johnson | A.J | █████ |
| Johnson | L.J. | █████ |
| Kelly | J.K. | █████ |
| Kelly | C.K. | █████ |
| Losoya | J.L. | █████ |

To arrive at those apportionments, the mediator identified ████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

████████████████████████████████████████
████████████████████████ Overall, the ██████ report is very detailed, thorough, and thoughtful.

## DISCUSSION

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court must limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

This Court's Local Rules also contemplate the use of the California procedures to approve minors' compromises. *See* CivLR 17.1(b)(1) ("Money or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq."). Relevant to this settlement, those sections authorize the court, if it is in the best interests of the child, to order the settlement funds to be deposited "in an insured account in a financial institution in this state . . . subject to withdrawal only upon the authorization of the court." Cal. Prob. Code § 3611(b) & (e).

The undersigned is very familiar with this case's facts: this Court presided over this case's Early Neutral Evaluation hearing[1] as well as a global settlement conference and

---

[1] After the parties requested that this Court handle the minors' compromise and waived any potential conflict arising from this Court's participation in the Early Neutral Evaluation, the District Judge referred this case to the undersigned. (*See* ECF 20.)

3

motion practice in a group of related cases. (*See* ECF 14 (ENE); *see also* ECF 62 in 20-cv-1915-JM-AGS (global settlement conference).) At first blush, plaintiffs appear to have a good case, although litigation is always uncertain. Plaintiffs also faced several costly medical battles to prove causation and damages, not to mention the potential delay caused by additional years of litigation. Finally, plaintiffs hired a mediator to carefully parse out the award for each plaintiff, including each of the minors, which resulted in individualized amounts based on each minors' comparative injury. These facts each weigh in favor of the settlement being fair and in the minors' best interests.

Similarly, the proposed attorney's fees distribution—that is, plaintiffs' attorneys taking 25% of the gross proceeds from each family—is appropriate under California law. *See Napier v. San Diego Cnty.*, No. 315CV00581CABKSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017) ("Generally, fees in minors cases have historically been limited to 25% of the gross recovery. In California, courts are required to approve the attorneys' fees to be paid for representation of a minor."). Finally, the procedure for disposition of the funds—placing them in a blocked account until the minors reach the age of majority—is consistent with the California Probate Code. *See* Cal. Prob. Code 3611(b); (ECF 16, at 3–4).

The Court's fairness determination is supported by other approved settlements in similar cases. In another case settled against most of the same defendants arising out of very similar mold allegations, the Court approved a net recovery of "$1,277.04" for a minor. *Doe v. Lincoln Mil. Prop. Mgmt. LP*, No. 320CV00224GPCAHG, 2020 WL 5587488, at *10 (S.D. Cal. Sept. 18, 2020), *adopted*, No. 3:20-cv-00224-GPC-AHG, 2020 WL 5810168 (S.D. Cal. Sept. 30, 2020). That recovery was for a minor who, like the minors here, suffered "wet coughs, eye infections, sinus infections, lethargy, and shortness of breath." *See id.* at *1. And in another mold-intrusion case, the Court approved the net settlement of a minor's claim for "$2,206.72." *Smith v. AMETEK, Inc.*, No. 320-CV-2359-TWR-BLM, 2021 WL 4077580, at *1 (S.D. Cal. Sept. 8, 2021), *adopted*, No. 20-CV-2359 TWR (AGS), 2021 WL 4805532 (S.D. Cal. Oct. 14, 2021). That minor also suffered from "wheezing, coughing, and allergic reactions." *Id*. In this case, the minors who were

afflicted with similar symptoms are recovering substantially more than the minors in those cases.

## CONCLUSION

The settlement here is in the best interests of the children and is in line with settlements in similar cases. The distribution method is also appropriate. Accordingly, the Court recommends that:

1. The motion to approve the settlement (ECF 16) be **GRANTED.**
2. The Court find that the compromise and settlement of the claims of the minors be **APPROVED** as fair and reasonable and in the best interests of the minor plaintiffs.
3. The minors' net recovery be placed in a blocked account until further Court order or the minors reach the age of 18. (*See* ECF 16, at 3–4.)
4. The parties be given 30 days to file the joint motion to dismiss this action.

By September 23, 2022, the parties must file any objections to this report and recommendation. *See* 28 U.S.C. § 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated:  September 9, 2022

_____
Hon. Andrew G. Schopler
United States Magistrate Judge